Peyton Lee, OSB No. 164224
Assistant Federal Public Defender
Email: peyton_lee@fd.org
101 SW Main Street, Suite 1700
Portland, OR  97204
Tel: (503) 326-2123

Alison M. Clark, OSB No. 080579
Attorney At Law
Email: tex@defenderclark.com
333 SW Taylor St. #300
Portland, OR  97204
Tel: (503) 888-8076

Attorneys for Mr. Vigil

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>JAVIER FRANCISCO VIGIL,<br><br>　　　　　　　　　Defendant. | Case No. 3:22-cr-00307-MO<br><br>DEFENSE TRIAL MEMORANDUM |

## I.    Introduction

Defendant, Javier Francisco Vigil, through counsel, Peyton Lee and Alison Clark, submit this defense trial memorandum pursuant to this Court's trial management order. ECF 16. As previously noticed, counsel for Mr. Vigil will present as a defense that he is not guilty by reason of insanity of the charged offenses. ECF 28.

## II. Legal Issues

### A. Proceeding as a Bench Trial

Counsel for Mr. Vigil has previously given notice under Federal Rule of Criminal Procedure 23(a) that Mr. Vigil waives his right to a trial by jury and consents to proceed with a bench trial. Counsel for Mr. Vigil as well as counsel for the government have signed the waiver and the government consents to proceed with a bench trial. ECF 152.

### B. Legal Standard for a Finding of Not Guilty by Reason of Insanity

The existence of the insanity defense, and the burden of proof for that defense, are set forth in 18 U.S.C. §17:

> **(a)Affirmative Defense.—** It is an affirmative defense to a prosecution under any Federal statute that, at the time of the commission of the acts constituting the offense, the defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts. Mental disease or defect does not otherwise constitute a defense.
>
> **(b)Burden of Proof.—**The defendant has the burden of proving the defense of insanity by clear and convincing evidence.

The Ninth Circuit has also adopted a pattern jury instruction for the elements of the defense, the relevant portion as follows:

#### 6.4 Insanity

> The defendant contends he was insane at the time of the crime. Insanity is a defense to the charge. The sanity of the defendant at the time of the crime charged is therefore a question you must decide.
>
> A defendant is insane only if at the time of the crime charged:
>
> 1. The defendant had a severe mental disease or defect; and
>
> 2. As a result, the defendant was unable to appreciate the nature and quality or the wrongfulness of his acts.
>
> The defendant has the burden of proving the defense of insanity by clear and convincing evidence. Clear and convincing evidence of insanity means that it is

Page 2 Defense Trial Memorandum

highly probable that the defendant was insane at the time of the crime. Proof by clear and convincing evidence is a lower standard of proof than proof beyond a reasonable doubt.

You may consider evidence of the defendant's mental condition before or after the crime to decide whether the defendant was insane at the time of the crime. Insanity may be temporary or extended.

Additionally, clear and convincing evidence requires that the existence of a disputed fact be highly probable. *Colorado v. New Mexico,* 467 U.S. 310, 316 (1984). While this is a higher standard of proof than proof by a preponderance of the evidence, it does not require proof beyond a reasonable doubt. *Id.*, *see also Sophanthavong v. Palmateer*, 378 F.3d 859, 866 (9th Cir. 2004) (citing *Colorado*, 467 U.S. at 316).

### III.  Anticipated Evidence

Mr. Vigil will present clear and convincing evidence that he suffers from a severe mental disease or defect, and as a result of that disease or defect he was unable to appreciate the nature and quality or the wrongfulness of his actions leading up to and on the day of August 17, 2022.

In particular, Mr. Vigil will present evidence that he has a long, diagnosed history of Schizoaffective Disorder, Bipolar type, or alternatively Bipolar Disorder with Manic Episodes and Psychotic Features. The evidence will establish that because of his manic and delusional beliefs that he was God, Mr. Vigil did not appreciate the wrongfulness of his actions. With regards to his mental disorder, Mr. Vigil's delusional but genuine belief that he is Jesus Christ reincarnated, extended to a belief that the world would be destroyed if he was not able to obtain the money he believed to be owed to him as God and that he believed he required in order to enact his plans on earth. Additionally, there is evidence that Mr. Vigil's brain displays severe abnormalities or defects as indicated by an MRI and qEEG data, and which support that he likely

suffered a traumatic brain injury, possibly related to his blast exposure during his National Guard service from 1990-1998.

Evidence in support of these contentions will include substantial mental health records: from the Oregon Department of Corrections, Multnomah County Detention Center, Lifeways Treatment, Pendleton Treatment Center, as well as his Rite Aid Pharmacy prescription for mental health medication, his Grady County jail medical requests, his Social Security Administration disability records (Mr. Vigil qualified for disability benefits based on severe impairment from schizoaffective disorder), and his proof of military service records. Additional evidence will include the history of Mr. Vigil's statements, both on social media platforms and at the time of the events, regarding his delusional beliefs.

Further evidence will be provided through expert and lay testimony regarding Mr. Vigil's long history of mental health symptoms. His family members and friends will report on his family's history of mental illness, as well as the early evidence of paranoia and auditory hallucinations that Mr. Vigil exhibited. Additionally, the people in his life can describe his decline in the weeks leading up to the events of this case when Mr. Vigil was off of his mental health medication and increasingly delusional and manic.

Expert testimony will be provided by Dr. Millkey, who was originally hired by the defense to address the question of Mr. Vigil's criminal responsibility, but has also provided periodic assessments of Mr. Vigil's competency during the course of his extended incarceration while this case has been pending. Dr. Millkey will testify to his belief that Mr. Vigil fits the criteria for Schizoaffective Disorder, Bipolar Type, and that his symptoms at the time of the alleged offense made him unable to appreciate the wrongfulness of his actions.

Dr. Duncan was originally hired by the Government to provide a second opinion on the issue of Mr. Vigil's criminal responsibility; while he made a slightly different diagnostic assessment of Bipolar Disorder with Manic Episode and Psychotic Features, he agreed with Dr. Millkey's ultimate conclusion that Mr. Vigil meets the criteria for not guilty by reason of insanity during the events charged in this case.

Further, Dr. Lopez will provide supporting testimony about the medical nature of schizoaffective disorders, bipolar type, and the associated brain abnormalities. Dr. Lewine is a neuroscientist, available to provide testimony regarding the underlying MRI and qEEG data in support of Mr. Vigil's brain abnormalities, and Ben Nelson will provide expert testimony regarding the possible explosive exposure that Mr. Vigil likely experienced during his Army National Guard service as a mortarman.

Finally, two doctors from the Bureau of Prisons who assessed Mr. Vigil's competence during the course of the pendency of this case, Dr. Johnson and Dr. Hanson, both diagnosed him with Schizoaffective Disorder, Bipolar Type, and reported on the responsiveness of his mental illness to medication, as well as the persistence of his delusional beliefs in a controlled setting of the Bureau of Prisons and to the impact his delusional beliefs appeared to continue to have on his rational decision making capacities.

## IV.   Additional Legal Issues

There remain a limited number of outstanding legal disputes between the parties. First, the defense has filed a motion contesting whether Mr. Vigil's prior convictions would qualify him for a conviction under the Armed Career Criminal Act. ECF 147. The Government has provided notice regarding the admissibility of other act evidence, which the defense intends to contest. ECF 156. The defense understands that the Government will be filing *Daubert*

Page 5 Defense Trial Memorandum

challenges to the intended expert testimony of Dr. Lewine and Benjamin Nelson. Finally, the parties have exchanged proposed exhibit lists and the defense intends to provide any objections regarding the Government's proposed exhibits by March 10, 2026, in anticipation of oral argument regarding outstanding motions and objections on March 17, 2026. The defense does not anticipate any foundational objections, and the parties have agreed that records custodians will not be necessary for various medical and business records which are included as proposed exhibits, but parties have left open the possibility of disputes regarding other issues of admissibility under the Federal Rules of Evidence.

V.     **Conclusion**

The evidence to be presented at trial will confirm, under the clear and convincing standard of proof, that Mr. Vigil was not guilty by reason of insanity during the period of time leading up to and including the robbery at the Wildhorse Casino on August 17, 2022, and he should therefore be adjudicated not guilty by reason of insanity.

Respectfully submitted on March 3, 2026.

*s/ Peyton Lee*
Peyton Lee, OSB #164224

*s/ Alison M. Clark*
Alison M. Clark, OSB #080579

Attorneys for Defendant