**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

Cassady A. Adams
Assistant U.S. Attorney
Cassady.Adams@usdoj.gov
(503) 727-1000
*Reply to Portland Office*



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott E. Bradford
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

April 7, 2026

Peyton Lee
Assistant Federal Defender
101 S. Main Street, Suite 1700
Portland, OR 97204

Re:    *United States v. Javier Francisco Vigil*
Case No. 3:22-cr-00307-MO
Plea Agreement Letter

Dear Counsel:

1.    **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charge**: Defendant agrees to plead guilty to Counts One, Three, and Four of the superseding indictment, which charge the crimes of interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a) (count one); felon in possession of a firearm—armed career criminal, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) (count three); and attempt to commit murder, in violation of 18 U.S.C. §§ 1113 and 1152 (count four).

3.    **Penalties**: The maximum penalties for Count One (interference with commerce by robbery) are 20 years' imprisonment, a fine of $250,000, three years of supervised release, and a $100 special assessment.

The maximum penalties for Count Three (felon in possession – armed career criminal) are life imprisonment with a mandatory minimum 15 years' imprisonment, a fine of $250,000, five years of supervised release, and a $100 special assessment.

The maximum penalties for Count Four (attempt to commit murder) are 20 years' imprisonment, a fine of $250,000, three years of supervised release, and a $100 special assessment.

Peyton Lee
Javier Francisco Vigil Plea Agreement
Page 2

Defendant agrees to pay the $100 fee assessments by the plea hearing or explain to the Court why this cannot be done.

Defendant understands that if a mandatory minimum sentence is required, this may restrict the application of downward departures, adjustments, and variances in some cases.

4.    **Dismissal/No Prosecution**: The USAO agrees to dismiss any remaining counts in the superseding indictment at the time of sentencing. The USAO agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5.    **Elements and Factual Basis**:

**Count One (Interference with Commerce by Robbery):**

For defendant to be found guilty of Count One, the government must prove the following elements beyond a reasonable doubt:

First, defendant knowingly obtained money or property from or in the presence of Adult Victim 1 (AV1) and Adult Victim 2 (AV2);

Second, defendant did so by means of robbery;

Third, defendant believed that AV1 and AV2 parted with the money or property because of the robbery; and

Fourth, the robbery affected interstate commerce.

**Count Three (Felon in Possession of a Firearm – Armed Career Criminal):**

For defendant to be found guilty of Count Three, the government must prove the following elements beyond a reasonable doubt:

First, defendant knowingly possessed a firearm;

Second, at some point, the firearm had been shipped or transported from one state to another, or between a foreign nation and the United States;

Third, at the time defendant possessed the firearm, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year;

Fourth, at the time defendant possessed the firearm, defendant knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year; and

Peyton Lee
Javier Francisco Vigil Plea Agreement
Page 3

Fifth, defendant had at least three prior felony convictions for violent felonies, as defined in 18 U.S.C. § 924(e)(2), committed on occasions different from one another.

### Count Four: Attempt to Commit Murder

For defendant to be found guilty of Count Four, the government must prove the following elements beyond a reasonable doubt:

First, the defendant did something that was a substantial step toward killing Adult Victim 3 (AV3);

Second, when the defendant took that substantial step, the defendant intended to kill AV3;

Third, the attempted killing occurred within the Confederated Tribes of the Umatilla Indian Reservation, which is Indian Country; and

Fourth, AV3 is an Indian person.

Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant has committed each of the elements of the crime(s) to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty plea(s).

The following facts are true and undisputed:

On August 17, 2022, defendant Javier Vigil went to the Wildhorse Casino on the Confederated Tribes of the Umatilla Indian Reservation, which is in Indian Country. He walked to the cash cage of the casino's gaming area and handed a piece of paper to the teller (Adult Victim 1, or AV1), demanding a million dollars. He then drew a pistol from a holster and pointed it at AV1. AV1 began pulling out money and gave it to Vigil. Then, a second teller (Adult Victim 2, or AV2) handed Vigil a clear bag to put the money in and stood in between AV1 and Vigil. Vigil holstered his pistol and walked out of the casino with approximately $69,098 in U.S. currency belonging to the casino. Outside the casino, Vigil observed a tribal police officer (Adult Victim 3, or AV3). Vigil raised his gun toward AV3 and shot in the direction of AV3, exchanging gunfire with AV3. AV3 feared for his life and believed that Vigil was trying to kill him. AV3 is an Indian person.

The investigation revealed that Vigil acquired the gun used in the robbery on or about August 3, 2023, and that he possessed it for approximately two weeks leading up to the robbery.

The ATF examined the gun used by Vigil and determined that it was an Arms Corporation of the Philippines semiautomatic pistol, model GI Standard FS, .45 ACP caliber, with serial number RIA2190663, that it was manufactured outside of Oregon, and that it had travelled in interstate and foreign commerce.

Peyton Lee
Javier Francisco Vigil Plea Agreement
Page 4

When he committed the robbery, Vigil had previously been convicted of crimes punishable by imprisonment exceeding one year, and knew he had been convicted of such crimes. Vigil's felony convictions include the following:

- Burglary in the Second Degree, committed on or about February 8, 2019, and convicted on or about March 26, 2019, in the Umatilla County Circuit Court, State of Oregon, Case Number 19CR10053;

- Assaulting a Public Safety Officer, committed on or about November 12, 2008, and convicted on or about November 19, 2008, in the Umatilla County Circuit Court, State of Oregon, Case Number CF080461;

- Burglary in the First Degree, committed on or about June 13, 2008, and convicted on or about November 19, 2008, in the Umatilla County Circuit Court, State of Oregon, Case Number CF080443;

- Assaulting a Public Safety Officer, committed on or about September 27, 2007, and convicted on or about November 19, 2008, in the Umatilla County Circuit Court, State of Oregon, Case Number CF080070;

- Assault in the Fourth Degree, committed on or about September 16, 2002, and convicted on or about October 30, 2002, in the Umatilla County Circuit Court, State of Oregon, Case Number CF020671.

Vigil admits that at least three of these offenses are violent felonies, as defined in 18 U.S.C. § 924(e)(2).

At the time of this offense, the Wildhorse Casino was a business engaged in interstate and foreign commerce. Vigil's crime caused the casino to lose revenue on the date of the robbery.

6.     **Sentencing Factors**:  The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). The parties agree that a Presentence Report (PSR) will be prepared and will not be waived.  Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7.     **Relevant Conduct/Anticipated Guideline Calculations**: The parties anticipate that defendant's offense-level calculation will be the following. The defendant understands that this is an estimate only.

Peyton Lee
Javier Francisco Vigil Plea Agreement
Page 5

| Guidelines Provision | Level |
|---|---|
| **A.  Count One (Interference with Commerce by Robbery)** | |
| Base Offense Level [USSG § 2B3.1(a)] | 20 |
| Enhancement for Discharge of Firearm [USSG § 2B3.1(b)(2)(A)] | +7 |
| Enhancement for Loss of Money > $20,000 [USSG § 2B3.1(b)(7)(B)] | +1 |
| Increased Offense Level for Career Offender [USSG § 4B1.1(a)-(b)(3)*] *Defendant's criminal history category is VI. | 32 |
| Reductions for Acceptance and Timely Plea [USSG § 3E1.1(a)-(b)] | -3 |
| Total Offense Level for Count 1 | 29 |
| **B.  Count 3 (Felon in Possession – Armed Career Criminal)** | |
| Base Offense Level [USSG § 2K2.1(a)(2)] | 24 |
| Enhancement for Firearm Possessed in Connection with Felony [USSG § 2K2.1(b)(7)(B)] | +4 |
| Increased Offense Level for Armed Career Criminal and Career Offender [USSG § 4B1.4(a)-(b)(3)(A)] *Defendant's criminal history category is VI. | 34 |
| Reductions for Acceptance and Timely Plea [USSG § 3E1.1(a)-(b)] | -3 |
| Total Offense Level for Count 3 | 31 |
| **C.  Count 4 (Attempt to Commit Murder)** | |
| Base Offense Level [USSG § 2A2.1(a)(2)] | 27 |
| Increased Offense Level for Career Offender [USSG § 4B1.1(a)-(b)(3)*] *Defendant's criminal history category is VI. | 32 |
| Reductions for Acceptance and Timely Plea [USSG § 3E1.1(a)-(b)] | -3 |
| Total Offense Level for Count 4 | 29 |
| **Grouping of Counts One, Three, and Four** | |
| Counts One, Three, and Four are grouped for guideline calculation purposes [USSG § 3D1.2(c)] | 31 |

Peyton Lee
Javier Francisco Vigil Plea Agreement
Page 6

| Stipulated Upward Variance for Use of Weapons and Dangerous Instrumentalities [18 U.S.C. § 3553(a)] | +1 |
|---|---|
| **Total Offense Level** | 32 |

8.    **Acceptance of Responsibility**: Defendant must demonstrate to the Court that he fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for his unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

9.    **Sentencing Recommendation**: The defense and the government will jointly recommend a sentence of **240 months imprisonment** on all counts, to run concurrently with each other, followed by three years of supervised release on Counts One and Four, and five years of supervised release on Count Three.

If necessary, the parties will jointly recommend a variance to achieve this joint sentencing recommendation of 240 months custody.

Additionally, the parties will jointly recommend that Vigil be placed at a BOP medical facility prison.

10.    **Forfeiture Terms:**

A.    **Assets and Authority**: By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to all assets which are subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), including:

- One Arms Corporation of the Philippines semi-automatic pistol, model GI Standard FS, .45 ACP caliber, with serial number: RIA2190663;
- One black holster;
- One Bulldog magazine holder with two empty magazines.

Which defendant admits were used to facilitate defendant's criminal activity, in violation of 18 U.S.C. § 1951(a), and 18 U.S.C. §§ 922(g)(1) and 924(e) as set forth in Counts One and Three of the superseding indictment.

B.    **Agreement to Civil Forfeiture**: Defendant agrees not to file a claim or withdraw any claim already filed to any of the listed property in any civil proceeding, administrative or judicial, which has been initiated. Defendant further waives the

Peyton Lee
Javier Francisco Vigil Plea Agreement
Page 7

right to notice of any forfeiture proceeding involving this property and agrees not to assist others in filing a claim in any forfeiture proceeding.

C.    **No Alteration or Satisfaction**: Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure. Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.

D.    **Title Assistance**: Defendant agrees to fully assist the USAO in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States, including but not limited to surrender of title and execution of any documents necessary to transfer defendant's interest in any of the above property to the United States, and assist in bringing any assets located outside the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

E.    **Assets Not Identified**: The USAO reserves its right to proceed against any remaining assets not identified either in this agreement or in the civil actions which are being resolved along with this plea of guilty, including any property in which defendant has any interest or control, if said assets, real or personal, tangible or intangible, are subject to forfeiture.

F.    **Final Order of Forfeiture**: Defendant agrees not to contest entry of a Final Order of Forfeiture reflecting these forfeiture terms at the conclusion of the criminal case.

11.    **Restitution**: The Court shall order restitution to each victim in the full amount of each victim's losses as determined by the Court. Defendant agrees to pay restitution for all losses caused by defendant's conduct, regardless of whether counts of the superseding indictment dealing with such losses will be dismissed as part of this plea agreement.

Defendant agrees fully to disclose all assets in which defendant has any interest or over which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to truthfully complete the Financial Disclosure Statement provided herewith by the earlier of fourteen days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury, and provide it to both the USAO and the United States Probation Office. Defendant agrees to

Peyton Lee
Javier Francisco Vigil Plea Agreement
Page 8

provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

Defendant expressly authorizes the USAO to obtain a credit report on defendant. Defendant agrees to provide waivers, consents, or releases requested by the USAO to access records to verify the financial information. Defendant also authorizes the USAO to inspect and copy all financial documents and information held by the U.S. Probation Office.

The parties agree that defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute defendant's failure to accept responsibility under USSG § 3E1.1.

Defendant agrees to notify the Financial Litigation Unit of the USAO before defendant transfers any interest in property with a value exceeding $1000 owned directly or indirectly, individually or jointly, by defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

Defendant understands and agrees that the total amount of any monetary judgment that the Court orders defendant to pay will be due. Defendant further understands and agrees that pursuant to 18 U.S.C. § 3614, defendant may be resentenced to any sentence which might have originally been imposed if the court determines that defendant has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or restitution. Additionally, defendant understands and agrees that the government may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. §§ 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the court. Defendant understands that any monetary debt defendant owes related to this matter may be included in the Treasury Offset Program to potentially offset defendant's federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to 18 U.S.C. § 3612(b)(1)(F), defendant understands and agrees that until a fine or restitution order is paid in full, defendant must notify the USAO of any change in mailing address or residence address within 30 days of the change. Further, pursuant to 18 U.S.C. § 3664(k), defendant shall notify the Court and the USAO of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution, including but not limited to new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

12.    **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that the sentence imposed exceeds the statutory maximum. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. §

Peyton Lee
Javier Francisco Vigil Plea Agreement
Page 9

3582(c)(2). In the event that defendant's conviction under this agreement is vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

13.    **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

14.    **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

15.    **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, he must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, he has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

16.    **Memorialization of Agreement**: No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

17.    **Deadline**: This plea offer expires if not accepted by April 7, 2026.

Sincerely,

SCOTT E. BRADFORD
United States Attorney

*/s/ Cassady A. Adams*
CASSADY A. ADAMS
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

Peyton Lee
Javier Francisco Vigil Plea Agreement
Page 10

4/7/2026
Date

JAVIER FRANCISCO VIGIL
Defendant

I represent defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

4/7/2026
Date

PEYTON LEE
Attorney for Defendant